# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DEREK MURRAY,

      Petitioner,

v.

BRIAN FOSTER,

      Respondent.

Case No. 14-CV-205-JPS

ORDER

   The petitioner, Derek Murray, first filed his petition for a writ of habeas corpus in this case on February 25, 2014. (Docket #1). The respondent (hereinafter, "the State") moved to dismiss the petition, arguing that Mr. Murray had procedurally defaulted his claims. (Docket #15). The Court offered Mr. Murray a chance to return to state court to perfect his claim. (Docket #23). Several months later, the Wisconsin Supreme Court denied Mr. Murray's state habeas petition *ex parte*. (*See* Docket #25, #26). In light of the Wisconsin Supreme Court's denial, the State renewed its motion to dismiss Mr. Murray's federal habeas petition as a result of Mr. Murray's procedural default. (Docket #25). The Court determined that Mr. Murray had, indeed, procedurally defaulted his claims, preventing review of the claims in his federal habeas petition absent a showing of cause and prejudice or that a miscarriage of justice would result if the Court refused to consider the claims. (Docket #27). The Court ordered the parties to brief the issue of whether either of those exceptions applies, so as to allow the Court to address the merits of Mr. Murray's federal habeas claims. (Docket #27). That matter is now fully briefed and before the Court for decision. (Docket #28, #30).

   "A federal court may excuse a procedural default if the habeas petitioner establishes that (1) there was good cause for the default and consequent prejudice, or (2) a fundamental miscarriage of justice would

result if the defaulted claim is not heard." *Johnson v. Foster*, 786 F.3d 501, 505 (7th Cir. 2015) (citing *Murray v. Carrier*, 477 U.S. 478, 491 (1986); *Schlup v. Delo*, 513 U.S. 298, 315 (1995)).

The Court begins by analyzing cause and prejudice. Mr. Murray seems to argue that his lack of access to legal materials constitutes cause for his procedural default. He alleges that, after a fight, he was held in segregation. (Docket #28 ¶ 8). Prisoners in segregation are, apparently, allowed only two brown paper packets of legal materials and, when receiving a new piece of legal material, must exchange a piece of older material to receive the newer one. (Docket #28 ¶ 9). If the prisoner does not make that exchange, the newer material is placed in the inmate's main property. (Docket #28 ¶ 9). While in segregation, Mr. Murray requested the assistance of another inmate, who prepared a petition for review for Mr. Murray. (*See* Docket #28 ¶¶ 10, 12). That petition, however, was not delivered to Mr. Murray, who was still in segregation; instead, it was placed with Mr. Murray's main property and not given to Mr. Murray until he returned to general population, after the deadline to file the petition for review. (Docket #28 ¶¶ 12–14). Mr. Murray alleges that none of the prison staff members alerted him to the fact that the prepared petition had been placed in his main property. (Docket #28 ¶¶ 15–16).

This does not constitute "cause" within the meaning of the case law on the topic. "Cause is defined as an objective factor, external to the defense, that impeded the defendant's efforts to raise the claim in an earlier proceeding." *Weddington v. Zatecky*, 721 F.3d 456, 465 (7th Cir. 2013). "The Supreme Court has not provided 'an exhaustive catalog of…objective impediments' that satisfy the cause requirement." *Johnson*, 786 F.3d at 505 (quoting *Murray*, 477 U.S. at 488). But "[t]o be 'external to the defense,' the cause must be 'something that cannot fairly be attributed to' the petitioner."

Case 2:14-cv-00205-JPS   Filed 07/23/15   Page 2 of 7   Document 31

*Johnson*, 786 F.3d at 506 (quoting *Coleman v. Thompson*, 501 U.S. 722, 731 (1991)).

In *Weddington*, the Seventh Circuit addressed a situation very similar to the one in this case. Just like Mr. Murray, the habeas petitioner in *Weddington* was placed in segregation. 721 F.3d at 464. Further, while the petitioner was in segregation, allegedly a "prison official confiscated all of his legal paperwork (including his petition for habeas corpus), legal books, pens and pencils and he was not allowed to retrieve them for over one year." *Id.* The Seventh Circuit held that such "confiscation of a prisoner's legal materials can establish cause for a procedural default." *Johnson*, 786 F.3d at 506 (citing *Weddington*, 721 F.3d at 466).

While it may be tempting to find that Mr. Murray has established cause under *Weddington*,[1] there is one very important distinction between that case and this one. The prison official in *Weddington* allegedly confiscated *all* of the petitioner's legal materials—paperwork, research materials, and even office supplies. 721 F.3d at 466. On the other hand, according to Mr. Murray's own representations, prison officials did not confiscate *anything* from him. (*See* Docket #28 ¶¶ 8–16). Rather, the prison officials simply did not deliver a draft petition to Mr. Murray. Even accepting that as true, the Court cannot conclude that this was an external factor that impeded Mr. Murray's ability to file his petition for review with the Wisconsin Supreme Court. Mr. Murray still had access to other legal materials (at least "two brown paper sacks" worth (Docket #28 ¶ 8)) and was also given access to

---

[1] While the Court ultimately finds *Weddington* distinguishable, the case might undermine the State's contention that "Murray's limited access to legal mail resulted from his own misconduct in prison." The *Weddington* court did not discuss the reason behind the petitioner's placement in segregation, perhaps implying that the Court should not consider the reason a petitioner is in segregation when considering whether cause exists. *See* 721 F.3d at 464–66.

research materials (although this access was limited (Docket #28 ¶ 11)). Mr. Murray does not assert that he did not know the deadline to file his petition for review (and, even if he were ignorant of the deadline, that generally would not constitute cause, because it would be internal to Mr. Murray, *see Henderson v. Cohn*, 919 F.2d 1270, 1272–73 (7th Cir. 1990)). So, in reality, none of the prison's policies or the prison officials' actions caused Mr. Murray's procedural default. Mr. Murray remained able to prepare and file his petition for review.

In short, there is a distinction between the reason for default in *Weddington* and in this case: in *Weddington*, the petitioner defaulted because the prison allegedly took all of his preparation materials; here, Mr. Murray defaulted because he relied on another inmate to prepare his petition, but ultimately did not receive that petition after the State placed it in his main property.

Mr. Murray's reliance cannot constitute cause. The Seventh Circuit has rejected "reliance-based argument[s] before, albeit under somewhat different circumstances." *Johnson*, 786 F.3d at 508. In *Moore v. Casperson*, the Seventh Circuit "held that a prisoner's reliance on circuit precedent later overturned by the Supreme Court was insufficient to establish cause." *Johnson*, 786 F.3d at 508 (citing *Moore*, 345 F.3d 474, 487 (7th Cir. 2003)). In *Johnson*, the Seventh Circuit held that a petitioner's alleged reliance on his prison's legal loan eligibility criteria, which the prison's business office allegedly misapplied, did not constitute cause. 786 F.3d at 508. In both cases, reliance—whether on legal precedent or one's understanding of legal loan eligibility criteria—"is not enough by itself; there must be a discrete, identifiable impediment to the prisoner's *ability* (rather than his motivation) to comply with the state's procedural rules." *Johnson,* 786 F.3d at 508 (emphasis in original). Likewise, here, regardless of Mr. Murray's reliance on his expectation that he would

Page 4 of 7

Case 2:14-cv-00205-JPS   Filed 07/23/15   Page 4 of 7   Document 31

receive a copy of the draft petition from another inmate, is not enough. It did not in any way impact his *ability* to file his petition for review with the Wisconsin Supreme Court.

To the extent that Mr. Murray is arguing that limited access to legal mail somehow impacted his ability to file a petition for review, that argument would also fail. Mr. Murray does not allege that he did not know of the Wisconsin Court of Appeals' decision when it was issued. In fact, Mr. Murray's request that another inmate prepare a petition on his behalf indicates that Mr. Murray actually *did know* that the Wisconsin Court of Appeals had issued its decision and that he would need to file a petition for review soon. Mr. Murray also does not allege that he was unable to send mail. Thus, he would have known that the deadline for submitting a petition for review was fast approaching and would have been able to send his petition through the mail.

In short, nothing impacted Mr. Murray's ability to file his petition with the Wisconsin Supreme Court. Unlike the petitioner in *Weddington*, throughout Mr. Murray's time in segregation he retained access to his legal materials, to research materials, and to office supplies. He was, thus, fully capable of filing his petition on his own. Mr. Murray's reliance on another inmate to prepare a petition for him and to provide that petition to him is certainly "fairly attributable" to Mr. Murray, and thus cannot constitute "cause." *See Johnson*, 786 F.3d at 506 (quoting *Coleman*, 501 U.S. at 731).[2]

As to the remaining basis for excusing procedural default—a fundamental miscarriage of justice—Mr. Murray has not argued that point and could not succeed even if he had. That "ground is satisfied only when

---

[2]Having determined that cause does not exist, the Court does not need to analyze the prejudice prong.

the claimed constitutional violation probably cause an innocent person to be convicted." *Johnson*, 786 F.3d at 505 (citing *McCleskey v. Zant*, 499 U.S. 467, 494 (1991)). In other words, a petitioner must establish "that a fundamental miscarriage of justice would result from denial of his petition because he or she is actually innocent." *Coleman v. Lemke*, 739 F.3d 342, 349 (7th Cir. 2014) (citing *House v. Bell*, 547 U.S. 518, 536–37 (2006)). "[T]enable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *McQuiggin v. Perkins*, --- U.S. ----, 133 S.Ct. 1924, 1928 (2013) (quoting Schlup, 513 U.S. 298, 329 (1995)). Mr. Murray has not produced any new evidence nor has he come close to establishing his actual innocence.

For all of these reasons, the Court is obliged to reject Mr. Murray's request that the Court excuse his procedural default. And, because Mr. Murray procedurally defaulted his claims, the Court is obliged to deny his petition for a writ of habeas corpus.

Under Rule 11(a) of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Mr. Murray must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). While Rule 11(a) permits a district court to direct the parties to submit arguments on whether a certificate of appealability should be issued, additional arguments are not

Case 2:14-cv-00205-JPS   Filed 07/23/15   Page 6 of 7   Document 31

necessary here. As the Court discussed extensively, above, reasonable jurists would not debate whether the petition should have been resolved in a different manner. Mr. Murray clearly procedurally defaulted on his claims and, despite some surface similarities to *Weddington*, did not establish cause or prejudice or a fundamental miscarriage of justice. He, therefore, clearly cannot proceed on his procedurally-defaulted claims. As a consequence, the court must deny a certificate of appealability as to Mr. Murray's petition.

Accordingly,

IT IS ORDERED that the Mr. Murray's petition for a writ of *habeas corpus* (Docket #1) be and the same is hereby DENIED;

IT IS FURTHER ORDERED that a certificate of appealability as to the Mr. Murray's petition be and the same is hereby DENIED; and

IT IS FURTHER ORDERED that this action be and the same is hereby DISMISSED with prejudice.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 23rd day of July, 2015.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge